UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY GULLICKSON, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 3731 |
| ) | |
| ) | Judge St. Eve |
| ) | |
| VILLAGE DISCOUNT OUTLET, INC.; ) | Magistrate Judge Denlow |
| MAYO, INCORPORATED; ) | |
| PLAZA MARKETING ASSOCIATES; ) | |
| JAMES BURT STINNETT; ) | |
| LEONARD BAUMGARTNER; ) | |
| WILLIAM RYAN; and ) | |
| REGINALD WRIGHT, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAYO, INCORPORATED'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Mayo, Incorporated ("Mayo") submits this memorandum in support of its motion for summary judgment on the claims filed by the plaintiff, Gary Gullickson ("Gullickson").

I.   **INTRODUCTION**

Gullickson complaint is as vague and internally inconsistent as can be. He filed suit against Mayo and a host of other entities and individuals, "one or more" of whom he thinks may be his employer. The only claims that appear to be asserted against Mayo are Gullickson's "First Claim: Retaliatory Discharge Pursuant to 42 US [sic] 1981 as Amended;" his "Third Claim: Illinois Common Law Retaliatory Discharge;" and "Fifth Claim: Breach of Contract," which seems

to refer to an unidentified agreement by which Gullickson was to receive bonuses.

The key element of a claim for retaliatory discharge is an underlying employment relationship. There is no employment relationship between Gullickson and Mayo. The key element of a claim for breach of contract is the existence of a contract. There is no contract between Gullickson and Mayo.

Gullickson appears to have filed this complaint against Mayo without first determining the identity of his employer (who, surprisingly, allegedly hired him "to perform human resource services"). Gullickson filed this complaint against Mayo without knowing the identity of the party or parties with whom he entered into some sort of contract that entitled him to bonuses. Gullickson's claims against Mayo should be dismissed, and Mayo should be awarded its costs and fees for responding to this meritless complaint.

## II.  STATEMENT OF FACTS

Gullickson alleges that Mayo is an Illinois corporation with its principal place of business in this district. (Complaint, ¶ 5) That is correct. From there, however, the wheels fall off.

Mayo was incorporated in 1992. It provides certain services, including telemarketing, to charities. (Declaration of John T. McGarry, ¶ 2) The president, secretary and sole corporate officer of Mayo is John T. McGarry.[1] (*Id.*, ¶ 1) None of the other defendant corporate entities are corporate affiliates of Mayo,

---

[1] The identity of Mayo's corporate officers is on file with the Illinois Secretary of State, and thus is a matter of public record. (*Id.*, ¶ 3)

and none of the individual defendants are officers or employees of Mayo. (*Id.*, ¶ 4) At no time has Gullickson been an employee of or retained as an independent contractor by Mayo, and at no time has Mayo ever entered into a contract with Gullickson concerning "bonuses" of any sort. (*Id.*, ¶¶ 5, 6)

### III. ARGUMENT

#### A. Legal Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment must be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir.1994). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Here, there is no genuine issue of material fact. There is not even a scintilla of evidence that Gullickson was an employee of Mayo or had a contract with Mayo. Mayo is entitled to judgment as a matter of law.

### B. Gullickson Has Never Been an Employee of Mayo.

A plaintiff can assert a retaliatory discharge claim only against his former employer. *Janusz v. Fasco Industries, Inc.*, 1998 WL 246449 *4 (No. 97 C 7976, N.D. Ill., May 1, 1998); *Driveaway and Truckaway Service, Inc. v. Aaron Driveaway and Truckaway Co., Inc.*, 781 F. Supp. 548, 550 (N.D. Ill. 1991). The declaration of Mayo's sole officer establishes that Gullickson was never an employee of Mayo. Nothing in Gullickson's complaint can overcome that.

Gullickson alleges that he "was hired by one, or in the alternative, by one or more of the Defendants on or about December 29, 2000 to perform human resource services, and then in March, 2002 as 'Plaza Site Coordinator.'" (Complaint, ¶ 9) Gullickson's allegations that he is presently unaware of the identity of his former employer are absurd. He freely admits that as recently as June 25, 2008, he testified under oath that he was "employed by VDO [Village Discount Outlet]. (Complaint, ¶ 9 n.1) Furthermore, while he asserts that he was "well-qualified" for the human resources job for which he was hired, he claims that he does not know who his employer was. (Complaint, ¶ 9, 11) Gullickson's fugue notwithstanding, the declaration of Mayo's principal establishes that Gullickson was not an employee of Mayo.

For some reason, Gullickson alleges that defendants Reginald Wright and William Ryan are each "a corporate officer of Mayo Incorporated." (Complaint, ¶¶ 6, 7) That is false. (*See*, Declaration of John T. McGarry, ¶ 4) What makes this false allegation more reprehensible is that the identity of the corporate officers of Mayo is a matter of public record and could be easily determined, had

4

Gullickson performed even a cursory prefiling investigation. It is clear that he did not do so.

The undisputed facts establish that Gullickson was never employed by Mayo. Mayo cannot be liable for any claim of retaliatory discharge, and is entitled to judgment on Gullickson's First and Third claims.

### C. There Is No Contract Between Gullickson and Mayo.

Gullickson's allegations of breach of contract against Mayo are impossible to determine. Gullickson's "Fifth Claim: Breach of Contract" states only that "Defendants breached their verbal and written agreements to pay Plaintiff bonuses exceeding $75,000 exclusive of interest and costs." (Complaint, ¶ 29) Nowhere in his Complaint does Gullickson allege the making any of agreement, the parties to such an agreement, or the agreement's terms. Indeed, the only factual allegation that refers to a bonus is: "The Defendants [sic] was [sic] initially paid $3000 plus bonus and expenses and then in February 2003 was [sic] paid a base salary of $5000 per month and plus bonus [sic]." (Complaint, ¶ 10)

Mayo never entered into any contract, "verbal," "written" or otherwise with Gullickson to pay him bonuses. (Declaration of John T. McGarry, ¶ 6) In the unlikely event that Gullickson's complaint alleges a contract with anyone, Mayo cannot be liable for its breach. Mayo is entitled to judgment on Gullickson's Fifth Claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Mayo Incorporated asks that the Court dismiss Gullickson's complaint, enter judgment in Mayo's favor, and award Mayo its costs and attorneys' fees.

Respectfully submitted,

Dated: August 15, 2008

By: s/ Annette M. McGarry

Annette M. McGarry (#6205751)
amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street
Suite 1100
Chicago, IL 60602
Telephone: (312) 345-4600
Facsimile: (312) 345-4601

Attorneys for Defendant,
Mayo, Incorporated

## CERTIFICATE OF SERVICE

      I hereby certify that on August 15, 2008, the foregoing Defendant Mayo Incorporated's Memorandum in Support of its Motion for Summary Judgment and Declaration of John T. McGarry were electronically filed using the CM/ECF system and served upon:

Edward Voci
1111 South Boulevard
Oak Park, IL  60302

Charles Siedlecki
Siedlecki and Associates
10540 South Western Avenue
Suite 410
Chicago, IL  60643

Michael J. Hayes
Daniel J. Hayes
Joseph J. Novak
Bell, Boyd & Lloyd, LLP
70 West Madison Street
Suite 3100
Chicago, IL  60602

                                        /s/ Annette M. McGarry

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY GULLICKSON, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 3731 |
| ) | |
| ) | Judge St. Eve |
| ) | |
| VILLAGE DISCOUNT OUTLET, INC.; ) | Magistrate Judge Denlow |
| MAYO, INCORPORATED; ) | |
| PLAZA MARKETING ASSOCIATES; ) | |
| JAMES BURT STINNETT; ) | |
| LEONARD BAUMGARTNER; ) | |
| WILLIAM RYAN; and ) | |
| REGINALD WRIGHT, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JOHN T. MCGARRY

I, John T. McGarry, declare as follows:

1. I am president, secretary and sole corporate officer of Mayo, Incorporated ("Mayo"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness could testify competently as to those facts.

2. Mayo is an Illinois corporation and was incorporated in 1992. It provides certain services, including telemarketing, to charities.

3. Mayo's filings with the Illinois Secretary of State identify me as the president, secretary and only officer of the corporation.

4. Neither Village Discount Outlet, Inc. nor Plaza Marketing have ever been corporate affiliates of Mayo. At no time has James B. Stinnett, William

Ryan, Reginald Wright or Leonard Baumgartner been an officer or employee of Mayo.

5.  Gary Gullickson has never been an employee of Mayo, and has never been retained as an independent contractor by Mayo.

6.  Mayo has never entered into a contract with Gullickson concerning "bonuses."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008, at Chicago, Illinois.

_____
John T. McGarry