IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY GULLICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3731 |
| | ) | |
| VILLAGE DISCOUNT OUTLET, INC., | ) | Hon. Amy St. Eve |
| MAYO INCORPORATED, PLAZA | ) | |
| MARKETING ASSOCIATES, | ) | |
| JAMESBURT STINNETT, LEONARD | ) | Magistrate Judge Morton Denlow |
| BAUMGARTNER, WILLIAM RYAN | ) | |
| and REGINALD WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT OF
PLAINTIFF AND CERTAIN DEFENDANTS[1]**

Pursuant to the Order of this Court dated July 3, 2008, Plaintiff Gary Gullickson ("Plaintiff") and Defendants Village Discount Outlet, Inc.; James B. Stinnett; Plaza Marketing Associates; William Ryan; and Reginald Wright (collectively, "Defendants") submit this Joint Status Report:

**1. Nature of the Case**

    A.    The attorneys of record for each party are as follows:

    **For Plaintiff Gary Gullickson**

    Charles Siedlecki
    Charles Siedlecki and Associates, P.C.
    10540 South Western Avenue – Suite 405

---

[1] Neither defendants Leonard Baumgartner (who has not yet appeared in the case, although he did return an executed waiver of service of summons form according to plaintiff's counsel) nor Mayo Incorporated (who just recently filed the appearance of counsel) participated in the preparation of this joint status report. Accordingly, the term "Parties," as used herein, shall refer only to those parties that have signed this joint status report.

      Chicago, Illinois  60643
      (773) 881-2535

      Edward Voci
      111 South Blvd.
      Oak Park, Illinois  60302
      (312) 287-8624

      **For Defendants Plaza Marketing Associates, William Ryan and Reginald Wright**

      Daniel J. Hayes
      Michael J. Hayes, Sr.
      Joseph J. Novak
      Bell, Boyd & Lloyd LLP
      70 West Madison Ave. – Suite 3100
      Chicago, Illinois  60602
      (312) 372-1121

      **For Defendants Village Discount Outlet, Inc.; and James B. Stinnett**

      Jay L. Statland
      Statland & Valley
      111 E. Wacker Dr. – Suite 2601
      Chicago, IL 60601
      (312) 228-1200

      B.      The Complaint alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332(a)(1) (diversity of citizenship), § 1343 (civil rights), and § 1367(c)(3) (supplemental jurisdiction).  At this time, Defendants do not agree that this Court has jurisdiction as alleged in the Complaint.

      C.      The Complaint purports to allege the five claims:  (1) Retaliatory Discharge, pursuant to 42 U.S.C. § 1981; (2) Conspiracy, pursuant to 42 U.S.C. § 1985(3); (3) Illinois Common Law Retaliatory Discharge; (4) Illinois Common Law Conspiracy; and (5)  Breach of Contract.

      At this time, Defendants do not concede that the Complaint states any viable claim for relief.

2

Because Defendants' responsive pleadings are not due until September 5, 2008, no counterclaims have yet been filed.[2]

D.  The Defendants only recently received copies of the summons and Complaint (through waiver of service) and their responsive pleadings to the Complaint are due on September 5, 2008.  Accordingly, the Parties believe it is premature to attempt to identify the major legal and factual issues anticipated in this case.  However, the Parties believe the legal and factual issues in the case may include the following: (1) whether the Complaint states a viable claim for relief; (2) whether the Plaintiff has suffered any damages; (3) whether the Plaintiff was an employee of any of the defendants; (4) whether the Plaintiff was properly terminated; (5) whether the Plaintiff stole or attempted to steal from any of the defendants; (6) whether Plaintiff owed fiduciary duties to any of the defendants; (7) whether Plaintiff breached any fiduciary or other duties he owed to any of the defendants; (8) whether Plaintiff tortiously interfered with any contract or business expectancy of any of the defendants; and (9) whether Plaintiff filed a false pleading.

E.  Plaintiff seeks monetary relief in the form of back-pay, front-pay, compensatory and punitive damages, reasonable attorney's fees, interest, and costs.  Defendants do not believe the Plaintiff is entitled to any relief.

**2.  Pending Motions and Case Plan**

A.  The Parties to this joint status report have not filed any motions, although Defendants may file motions to dismiss, for summary judgment, and/or for sanctions.

B.  The Parties propose the following discovery plan:

---

[2]  Defendants responsive pleading to the Complaint is not due to be filed until September 5, 2008.  By filing this joint status report, defendants do not waive, and expressly reserve, any and all arguments supporting dismissal of the Complaint.

1. The Parties expect to engage in written fact discovery (including interrogatories, requests to produce, and requests to admit) and oral fact discovery, as well as expert witness discovery.

2. Rule 26(a) disclosures to be made 14 days after all defendants have filed their respective Answers to the Complaint.

3. Close of all fact discovery on June 5, 2009

4. Close of expert discovery on October 5, 2009

- Plaintiff to disclose and deliver report(s) of expert(s) by July 7, 2009.
- Plaintiff's expert(s) to be deposed by August 7, 2009.
- Defendants to disclose and deliver report(s) of expert(s) by September 7, 2009.
- Defendants expert(s) to be deposed by October 7, 2009.

5 All dispositive motions to be filed no later than 60 days after the close of fact discovery.

6. Final pretrial order shall be filed by January 9, 2010.

C. With respect to trial:

1. Plaintiff has requested trial by jury.

2. The Parties anticipate a trial may last 10 court days.

3. The Parties anticipate the case may be ready for trial in January 2010.

**3.** **Consent to Proceed Before a Magistrate Judge**

At this time, the Parties do not consent to proceed before a magistrate judge.

**4.** **Status of Settlement Discussions**

     A.     No settlement discussions have occurred.

     B.     Plaintiff requests a settlement conference.  Defendants do not believe a settlement conference would be productive.

Dated:  August 19, 2008

                                               Plaintiff Gary Gullickson

                                               By:    /s Edward Voci

                                               Charles Siedlecki
                                               Charles Siedlecki and Associates, P.C.
                                               10540 South Western Ave. – Suite 405
                                               Chicago, Illinois  60643
                                               (773) 881-2535

                                               Edward Voci
                                               111 South Blvd.
                                               Oak Park, Illinois  60302
                                               (312) 287-8624

| Defendants Village Discount Outlet, Inc.; and James B. Stinnett | Defendants Plaza Marketing Associates, William Ryan and Reginald Wright |
|---|---|
| By:    /s  Jay L. Statland | By:    /s Daniel J. Hayes |
| Jay L. Statland<br>Statland & Valley<br>111 E. Wacker Dr. – Suite 2601<br>Chicago, IL 60601<br>(312) 228-1200 | Daniel J. Hayes<br>Bell, Boyd & Lloyd LLP<br>70 West Madison Ave. – Suite 3100<br>Chicago, Illinois  60602<br>(312) 372-1121 |